# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO DIAZ-FLORES,<br><br>    Defendant. | Case No. 2:11-cr-00399-LDG (GWF)<br><br>**ORDER** |

Alejandro Diaz-Flores has moved for the return (#20) of approximately $150,990 pursuant to Fed. R. Crim. Pro. 41(g).[1]  The government has both responded to the motion (#21), and moved to dismiss the motion (#24) arguing that this court lacks jurisdiction to consider the Rule 41(g) motion because a civil administrative forfeiture of the seized money is proceeding.  Diaz-Flores has filed a reply (#22) to his own motion, and an opposition to the government's motion (#25).

While Diaz-Flores disputes whether the government had commenced the civil administrative forfeiture process before he filed his Rule 41(g) motion, he acknowledges that the government has commenced a civil administrative forfeiture process as to the

---

[1] On the government's motion, the Court previously dismissed the indictment against Diaz-Flores.

seized money.  Nevertheless, he argues that despite the pending civil administrative forfeiture process, this court retains jurisdiction to hear his motion.

As recognized by both Diaz-Flores and the government, when there are no criminal proceedings pending against the movant, the Court has jurisdiction to hear a Rule 41(g)[2] motion by treating it as a civil equitable proceeding.  *See, United States v. Martinson*, 809 F.2d 1364, 1366-67 (9th Cir.1987).  Dismissal of a Rule 41(g) motion is appropriate if the government has initiated administrative forfeiture proceedings when the administrative forfeiture proceedings will provide the movant with an adequate remedy at law as to the seized property.  *See, United States v. Elias*, 921 F.2d 870, 871 (9th Cir. 1990).

Diaz-Flores argues that *Elias* is distinguishable because, in *Elias*, the government had already initiated the administrative forfeiture proceedings when the movant filed his motion for return of property.  Diaz-Flores emphasizes two sentences from *Elias* in which the Ninth Circuit first formulated the issue presented, then announced its resolution of the issue:

> We must decide whether the district court properly dismissed the Rule 41[(g)] motion because the government had previously initiated administrative forfeiture proceedings which provided the claimant with an adequate remedy at law for the return of the property that was seized. We affirm because we conclude that Elias had an adequate remedy at law at the time he initiated these equitable proceedings.

*Id.*

Diaz-Flores does not assert that he *presently* lacks an adequate remedy of law. Absent from his reply to his own motion and his opposition to the government's motion is any suggestion that he lacks an adequate remedy at law in the pending civil administrative forfeiture process.  Also absent from Diaz-Flores' arguments is any suggestion that the

---

[2]     Previously, motions to return property were governed by Rule 41(e) and, as such, prior decisions discuss and cite to Rule 41(e).  For ease of reference, the Court has referred to such discussions of Rule 41(e) as if such decisions cited to the rule under its current designation of Rule 41(g).

2

initiation of the forfeiture process after the filing of a Rule 41(g) motion deprives a movant of an adequate remedy in law in the administrative forfeiture proceedings. "[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant." *United States v. United States Currency, $83,310.78*, 851 F.2d 1231, 1235 (9th Cir.1988). In *Elias*, the Ninth Circuit concluded that the movant had an adequate remedy at law because, as the parties had agreed, a civil forfeiture proceeding was pending when the movant filed his motion for return of property. In the present matter, Diaz-Flores does not dispute that a civil forfeiture proceeding *is* pending. Even if that forfeiture proceeding was not pending when Diaz-Flores filed his motion, such fact establishes only that this Court had jurisdiction to fashion an equitable remedy when he filed his motion. Further accepting Diaz-Flores' assertion that the filing of his motion prompted the government to initiate the civil forfeiture proceeding, such fact establishes that he prompted the government to initiate a process in which he has an adequate remedy at law regarding the seized property. As such, there is no longer any need to fashion a remedy in equity as to the seized property.

      Diaz-Flores' reliance on *Martinson*--for the argument that the government cannot, by its own conduct, destroy this Court's equity jurisdiction--is misplaced. In *Martinson*, the Ninth Circuit determined that the district court's equitable jurisdiction invoked by the filing of the Rule 41(g) motion was not subsequently destroyed by government's destruction of property at issue. Instructive is the following from *Martinson*: "Once a court of equity has asserted jurisdiction over a motion to return property, it maintains its jurisdiction as long as necessary to provide an adequate remedy to the movant." 809 F.2d at 1368. In *Martinson*, the district court's continued exercise of equity jurisdiction was necessary because the government's actions in destroying the property precluded an adequate remedy at law outside of the Rule 41(g) motion. By contrast, in the present matter, the government's

3

action of initiating the forfeiture proceeding (whether before or after the filing of the Rule 41(g) motion) have ensured, rather than destroyed, Diaz-Flores' adequate remedy at law.

Accordingly,

THE COURT **ORDERS** that Alejandro Diaz-Flores' Motion to Return Property (#20) is DENIED;

THE COURT FURTHER **ORDERS** that the United States' Motion to Dismiss (#24) is GRANTED.

DATED this 13 day of April, 2012.

_____
Lloyd D. George
United States District Judge